**pcm9.10.21**

USDC- BALTIMORE
'22 SEP 12 AM 11



**U.S. Department of Justice**
*United States Attorney*
*District of Maryland*

*Richard P. Gallena*
*Special Assistant United States Attorney*
*Richard.Gallena@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4947*
*MAIN: 410-209-4800*
*FAX: 410-962-9293*

December 10, 2021

Meghan Michael
Ned Smock
Office of the Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770

Re: *United States v. Jeffrey Lecates*, ELH-21-0084

Dear Counsel:

This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Jeffrey Lecates (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office", together "the parties"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by **January 1, 2022**, it will be deemed withdrawn. The terms of the Agreement are as follows:

## Offense of Conviction

1.     The Defendant agrees to plead guilty to Counts One and Two of the Indictment, which charges the Defendant with Possession of Ammunition by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1) and Unlicensed Dealing in Firearms in violation of 18 U.S.C. § 922(a)(1)(A). The Defendant admits that the Defendant is, in fact, guilty of the offenses and will so advise the Court.

## Elements of the Offenses

2.     The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

Rev. August 2018

<u>Count 1</u>

That on or about February 23, 2021, in the District of Maryland, the Defendant:

    a. Knowingly possessed ammunition, as that term is defined in 18 U.S.C. § 921(a)(17)(A);

    b. Had been convicted of a crime punishable by imprisonment for a term exceeding one year and his civil rights had not been restored, and that he knew of his status; and,

    c. That the ammunition affected interstate commerce because it was manufactured outside of the State of Maryland.

<u>Count 2</u>

That beginning at least in or about November 2020 and continuing through February 23, 2021, in the District of Maryland, the Defendant:

    a. Was not licensed to deal firearms; and

    b. Willfully engaged in the business of dealing firearms, as that term is defined in 18 U.S.C. § 921(a)(3).

**Penalties**

3.    The maximum penalties provided by statute for the offense to which the Defendant is pleading guilty are as follows:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|-------|---------|----------------|----------------|--------------------|--------------|--------------------|
| 1 | 18 U.S.C. § 922(g)(1) | No Minimum | 10 years | 3 years | $250,000 | $100 |
| 2 | 18 U.S.C. § 922(a)(1)(A) | No Minimum | 5 years | 3 years | $250,000 | $100 |

    a.    Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

    b.    Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

    c.    Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

d.      Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

e.      Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

f.      Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

## Waiver of Rights

4.      The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

a.      If the Defendant had pleaded not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.      If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

Rev. August 2018

3

      d.     The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

      e.     If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

      f.     By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

      g.     If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

      h.     By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

      5.     The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

Rev. August 2018

**Factual and Advisory Guidelines Stipulation**

6. This Office and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein and to application of the United States Sentencing Guidelines ("U.S.S.G.") as follows:

      a. Counts One and Two Group. U.S.S.G. § 3D1.2(d)

      b. The base offense level is 20 because the Defendant was previously convicted of a crime of violence. U.S.S.G. § 2K2.1(a)(4)

      c. The offense involved more than three but less than eight firearms warranting an increase of 2 levels. U.S.S.G. § 2K2.1(b)(1)(B)

      d. The Defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and the obstructive conduct related to the Defendant's offense of conviction and any relevant conduct, warranting an increase of 2 levels pursuant to U.S.S.G. § 3C1.1.

      e. Therefore, the applicable base offense level is **24**.

      f. This Office does not oppose a **2**-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a) based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional **1**-level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

The final anticipated offense level is **21**.

7. There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. The Defendant further understands that the Court will determine the Defendant's criminal history when it determines the guidelines calculation at sentencing.

Rev. August 2018

8.      Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

## Rule 11(c)(1)(C) Plea

9.      The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of **48 months (4 years) imprisonment** in the custody of the Bureau of Prisons, to run concurrent to any state sentence that the Defendant may serve in Wicomico County case number C-22-CR-17-000505, is the appropriate disposition of this case, taking into consideration the nature and circumstances of the offense, the Defendant's criminal history, and all of the other factors set forth in 18 U.S.C. § 3553(a). This Agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine, or to set any lawful conditions of probation or supervised release. The Defendant understands that the Court has discretion whether to accept or reject this Agreement pursuant to Rule 11(c)(1)(C). In the event that the Court rejects this Agreement, except under the circumstances noted below, either party may elect to declare the Agreement null and void. Should the Defendant so elect, the Defendant will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). The parties agree that, if the Court finds that the Defendant engaged in obstructive or unlawful behavior and/or failed to acknowledge personal responsibility as set forth herein, neither the Court nor the Government will be bound by the specific sentence contained in this Agreement, and the Defendant will not be able to withdraw his plea.

## Obligations of the United State Attorney's Office

10.      At the time of sentencing this Office will recommend a sentence of **48 months imprisonment**. This Office shall also dismiss any open counts at the time of sentencing. The parties agree that after the Defendant has entered a plea of guilty in the instant case, he will be transferred to the custody of the State of Maryland and that he will plead guilty to violating his probation in Wicomico County case number C-22-CR-17-000505. The parties further agree that at the time of sentencing in the instant case the parties will recommend a sentence of 48 months imprisonment that he will serve concurrently to his state sentence in Wicomico County case number C-22-CR-17-000505. The place of confinement for the Defendant's sentence in the instant case will be any state institution at which the Defendant will serve his sentence in Wicomico County case number C-22-CR-17-000505.

## Waiver of Appeal

11.      In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

a.      The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground

Rev. August 2018

that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

b.     The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, any determinations the Court makes in furtherance of its determinations under the United States Sentencing Guidelines, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

c.     The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Forfeiture

12.     The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense(s), substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

13.     Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following items that the Defendant agrees constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities:

- 45 round capacity black PMAG
- 20 rounds of REM Wolf 223 ammunition
- One 308 WIN live round
- One AP 300 AACBLK live round
- One FC 224 Valkyrie live round
- 53 FC 224 Valkyrie spent shell casings
- Picatinny rail adapter
- Rifle picatinny accessory mount
- Two black cans used as suppressors for AR 15
- Plastic bag containing wrenches and red gun rail for AR 15
- Plastic bag containing gun parts with stock cover
- Gold and black firearm hammer tool
- Various other spent and live shotgun shells seized from the Defendant's home on February 23, 2021

Rev. August 2018

14.     The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture during the change of plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

15.     The Defendant agrees to assist fully in the forfeiture of the above property.  The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

16.     The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint.  The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

### Defendant's Conduct Prior to Sentencing and Breach

17.     Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

18.     If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.  A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea.  The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement.  In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

### Court Not a Party

19.     The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court, and the Court is under no obligation to accept this plea agreement. In the event the Court rejects this Rule 11(c)(1)(C) plea agreement, pursuant to Rule 11(c)(5)(C), the Defendant will be informed that he may withdraw the plea. If the Defendant persists in the guilty plea thereafter, the Defendant understands that the disposition of the case may be less favorable than that contemplated by this agreement. The Defendant understands that neither this Office, the Defendant's attorney, nor the Court can make a binding prediction or promise that the Court will accept this Agreement. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

20. This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case.    This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Jonathan F. Lenzner
Acting United States Attorney

9.12.22   *Richard Gallena / EW*

Richard P. Gallena
Special Assistant United States Attorney
Sandra Wilkinson
Assistant United States Attorney

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

9-12-22
_____
Date

_____
Jeffrey Lecates

Rev. August 2018

9

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

09/12/2022
Date

Meghan S. Michael
Meghan Michael

## ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Jeffrey Lecates ("the Defendant") age 53, was a resident of Salisbury, Maryland.

In December 2020, the Wicomico County Sheriff's Office (WCSO) received information that the Defendant was building, manufacturing, and selling firearms. In 2017, the Defendant was convicted of Assault First Degree, a crime of violence as that term is defined in U.S.S.G. § 2K2.1(a)(4). Lecates was sentenced to 15 years imprisonment, 12 years of which was suspended, and 5 years supervised probation. The Defendant was on probation at the time of the events described herein. As the result of this felony conviction, the Defendant is prohibited from possessing firearms and ammunition. The Defendant agrees that he knew his prohibited status at the time of these events. Moreover, the Defendant also agrees that he is also not licensed to deal or sell firearms.

Law enforcement executed a search warrant at the Defendant's home on February 23, 2021 and seized a number of items, including: a 45 round capacity black PMAG magazine; numerous rounds of live ammunition and spent shell casings; gun rails and other gun parts; tools; drug paraphernalia; a book titled "How to Build Military Grade Suppressors"; and a black book bag containing four AR-15 lower receivers—including one with drilled holes ready to be assembled—and tools used to assemble firearms, gun cleaner, and five paper shooting targets.

Following the residence search, the Defendant voluntarily provided consent to law enforcement to forensically image his cellphone. Investigators discovered numerous text messages in which the Defendant discussed manufacturing and selling firearms and ammunition to others. For example:

- On July 4, 2020, the Defendant text messaged a customer: "I'm selling my gun To you If you want it I've got 1750 bucks in it I could easily get 2000 for it but if I Sell it to you I

can always buy it that I think Anyway you would be buy it from my mother with a clean bill of sale That gun Has only 15 round shot through it"

- On October 7, 2020, the Defendant discussed selling an AR-style pistol to the same individual and asked the individual to transfer the money to his bank account via a mobile banking application.
- On November 11, 2020, the Defendant told the same individual that his "new pistol" was "done." He then indicated that he would deliver the pistol along with ammunition to the individual on November 12, 2020.
- On November 30, 2020, the Defendant told an individual that he sold a firearm "without the can" for $1,600.
- On January 10, 2021, the Defendant sent a photograph to an individual and wrote, "[t]his is the last AR-14 that I bult[.]" [sic]

The Defendant also sent numerous photographs of firearms with various modifications to individuals. For example:









Following the February 23, 2021 search warrant, the Defendant waived his *Miranda* rights and consented to interviews with law enforcement. During these interviews, the Defendant admitted that he sold four firearms to two individuals who he believed were not legally prohibited from possessing firearms, and that he made four suppressors. The Defendant also admitted that the ammunition found during the execution of the search warrant belonged to him.

After his arrest on gun charges by local authorities, the Defendant placed jail calls in which he instructed friends and family members to hide evidence of his illegal sales.

The Defendant agrees that the firearms and ammunition meet the definition of a firearm and ammunition under 18 U.S.C. § 921. The Defendant agrees that he knowingly possessed the ammunition and that the ammunition affected interstate and foreign commerce as it was manufactured outside of the State of Maryland. The Defendant also agrees that he engaged in the business of dealing in firearms, that he did not possess the requisite license, and that his principal objective for selling the firearms was to make a profit.

SO STIPULATED:

Richard Gallena /ew 9.12.22

Richard Gallena
Special Assistant United States Attorney
Sandra Wilkinson
Assistant United States Attorney

Rev. August 2018

_____     9-12-22
Jeffrey Lecates
Defendant


_____     9/12/2022
Meghan Michael
Counsel for Defendant


Rev. August 2018

13